**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4208**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRYONTO MCGRIER, a/k/a Rodney Jones,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:93-cr-00196-1)

Submitted: October 14, 2021                          Decided: October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., HENDRICKSON & LONG, PLLC, Charleston, West Virginia, for Appellant. Lisa G. Johnston, Acting United States Attorney, Courtney L. Cremeans, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terryonto McGrier appeals his 60-month revocation sentence. He argues that this upward variant sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "[T]his Court must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id.* at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

McGrier argues that his revocation sentence is substantively unreasonable because the district court created an unwarranted sentencing disparity by varying upward.[*] While the Guidelines recommend an appropriate sentence in typical cases, we conclude that the court did not err, plainly or otherwise, in imposing an upward variant sentence in this case. As the court explained, McGrier has spent most of his life committing crimes without regard to the safety of others and without remorse for his actions. The court also appropriately considered that McGrier squandered the opportunity he received through a prior sentence reduction and breached the court's trust by engaging in serious criminal conduct soon after his release and by completely disregarding his probation officer.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although McGrier does not raise the issue, we have confirmed that his revocation sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).